UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE MARIE WILLIAMS *et al.*,

    Debtor-Appellants,

Case No. 15-cv-14201
Hon. Matthew F. Leitman

v.

FORD MOTOR CREDIT COMPANY, LLC,

    Creditor-Appellee.

_____/

**OPINION AND ORDER AFFIRMING UNITED STATES BANKRUPTCY COURT ORDER DATED NOVEMBER 16, 2015, (1) DENYING DEBTORS' MOTION TO DETERMINE LEASE ASSUMPTION AGREEMENT INVALID AND UNENFORCEABLE; AND (2) DETERMINING THE LEASE ASSUMPTION AGREEMENT IS VALID**

When a bankruptcy court issues a discharge in favor an individual debtor, the discharge generally relieves the debtor of his or her pre-petition debts. But two provisions of the United States Bankruptcy Code allow a debtor to agree to remain liable for such debts after a discharge under certain circumstances. The first provision, 11 U.S.C. § 365(p) ("Section 365(p)"), allows a debtor to enter into an agreement to assume a pre-petition personal property lease. Section 365(p) does not require a bankruptcy court to review or approve such an agreement. The second provision, 11 U.S.C. § 524(c) ("Section 524(c)"), more broadly allows a debtor to enter into an agreement with any creditor to reaffirm the debtor's pre-

1

petition obligation to that creditor and to carry that debt forward after the discharge. A reaffirmation agreement under Section 524(c) requires, among other things, careful review by, and approval from, a bankruptcy court.

The primary question presented in this appeal is whether a lease assumption agreement entered into under Section 365(p) must also satisfy the reaffirmation requirements of Section 524(c). Stated another way: Is a lease assumption agreement entered into pursuant to Section 365(p) enforceable following discharge if the debtor did not also reaffirm the lease's underlying debt (with bankruptcy court approval) under Section 524(c)?

In this case, the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") answered that question in the affirmative. In a written order dated November 16, 2015 (the "Bankruptcy Court Order"), the Bankruptcy Court held that a lease assumption agreement under Section 365(p) between Debtor-Appellants Jane Marie Williams and Anthony DeMark Williams (together, "Appellants") and Creditor-Appellee Ford Motor Credit Company, LLC ("Ford") was enforceable after discharge even though Appellants did not reaffirm the debt underlying the lease pursuant to Section 524(c). (*See* ECF #1 at 4, Pg. ID 4.) The Court agrees. The Court therefore **AFFIRMS** the Bankruptcy Court Order.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 8, 2015, Appellants filed a joint voluntary bankruptcy petition under Chapter 7, Title 11 of the United States Bankruptcy Code with the Bankruptcy Court (the "Petition"). (*See* ECF #4 at 142, Pg. ID 151.) They included with the Petition a form titled "Schedule B – Personal Property." (*See id.* at 84, Pg. ID 93.) The Schedule B form instructed Appellants to list any "[a]utomobiles, trucks, trailers, and other vehicles and accessories" they claimed as personal property. (*Id.*) Appellants listed two vehicles: a 2006 Ford Explorer and a 2015 Ford Fusion[1] (the "Fusion"). Appellants also included the following note next to the Fusion: "leased – is being assumed." (*Id.*) Appellants further supplemented the note by filing a "Statement of Intention" with the Petition. In the "Statement of Intention," Appellants said that they intended to assume the Fusion lease pursuant to 11 U.S.C. § 365(p)(2). (*See id.* at 117, Pg. ID 126.)

On June 15, 2015, counsel for Ford informed Appellants via email that the company would permit Appellants to assume the lease. (*See id.* at 37, Pg. ID 46.) Ford's counsel attached to the email a "Proposed Lease Assumption Agreement" and a "Proposed Stipulation for Assumption of the Lease Agreement." (*See id.*) Ford's counsel requested that Appellants return the documents fully executed so

---

[1] The personal property at issue in this appeal – the 2015 Ford Fusion lease – was in Jane Marie Williams' name. For ease of reference, however, the Court will refer to "Appellants" throughout this Opinion and Order.

3

that they could be filed with the Bankruptcy Court. The Proposed Lease Assumption Agreement provided, in pertinent part, that Appellants agreed to assume the lease without undertaking the reaffirmation procedures set forth in 11 U.S.C. § 524:

> [Appellants] agree to assume the Lease Agreement ("Lease"), described below . . . with Ford Motor Credit Company LLC, ("Creditor") pursuant to 11 U.S.C. § 365(p) and agree to make the monthly payments, listed below . . . required under the Lease, which is hereby incorporated by reference. We further agree to be bound by all the terms and conditions of the Lease including but not limited to any and all liability for excess mileage, excess wear and tear, and any other amounts required by the lease. *We agree that any protections under 11 U.S.C. § 524(a) do not apply to this Lease*."

(*Id.* at 5, Pg. ID 14; emphasis added.)

On July 16, 2015, Appellants and their counsel signed the Proposed Lease Assumption Agreement and the Stipulation for Assumption of Lease Agreement. (*See id.*; *see also id.* at 125-26, Pg. ID 134-35.) They then sent the executed documents to Ford. (*See id.*) Ford filed a "Stipulation for Assumption of the Lease Agreement" with the Bankruptcy Court on July 28, 2015, and submitted to that court the fully-executed lease assumption agreement (the "Agreement"). (*See id.* at 126, Pg. ID 135.)

Appellants then had a change of heart. On August 4, 2015, Appellants filed with the Bankruptcy Court a notice titled "Rescission of Lease Assumption

4

Agreement" in which they sought to rescind the Agreement (the "Rescission Notice"). (*See id.* at 127, Pg. ID 136.) On September 11, 2015, Ford's counsel sent a letter to Appellants' counsel challenging the Rescission Notice. (*See id.* at 132, Pg. ID 141.) Ford's counsel said that there is "nothing in the Bankruptcy Code or case law that permits rescission of a lease after it has been assumed." (*Id.*) Ford's counsel then said that "Ford Credit will proceed as if the lease has been assumed unless [counsel] provide[d] [him] with the legal basis that [Appellants] can subsequently rescind." (*Id.*)

On September 15, 2015, the Bankruptcy Court entered an Order of Discharge, which released Appellants from their pre-petition debts. (*See id.* at 119, Pg. ID 128.) It then issued a "Final Decree" closing the case three days later. (*See id.* at 122, Pg. ID 131.) The Bankruptcy Court did not address the Rescission Notice at that time.

On September 22, 2015, Appellants filed a motion to reopen the bankruptcy to contest the validity of the Agreement. (*See id.* at 185, Pg. ID 194.) Appellants argued that the Agreement was invalid because they did not reaffirm the obligations in the Fusion lease under 11 U.S.C. § 524(c). Ford countered that 11 U.S.C. § 365(p) governs lease assumption agreements. It argued that when a debtor assumes a lease under that provision, the assumption is valid and

5

enforceable following discharge even if the debtor did not also reaffirm the lease obligation under 11 U.S.C. § 524(c).

The Bankruptcy Court agreed with Ford and held in the November 16, 2015, Bankruptcy Court Order that the Agreement was "valid and cannot be rescinded." (ECF #1 at 4, Pg. ID 4; *See also* ECF #4 at 67, Pg. ID 76.) The Bankruptcy Court concluded "that [Section] 524 doesn't apply to lease assumptions which are governed by [Section] 365" and that "pursuant to Section 365, [the Agreement] cannot be rescinded because there is no provision in 365 which allows for the [rescission] . . . ." (*Id.* at 67-68, Pg. ID 76-77.)

On December 1, 2015, Appellants appealed the Bankruptcy Court Order in this Court. (*See* ECF #1 at 3, Pg. ID 3.)

## STANDARD OF REVIEW

The Court reviews the Bankruptcy Court's legal conclusions *de novo* and its findings of fact for clear error. *See In re Dilworth*, 560 F.3d 562, 563 (6th Cir. 2009). The parties agree that there are no factual disputes at issue in this appeal. (*See* Appellants' Br., ECF #6 at 3, Pg. ID 209; Ford's Br., ECF #8 at 5, Pg. ID 282.) Accordingly, the Court reviews the Bankruptcy Court's legal conclusions only.

6

# ANALYSIS

## A. The Relevant Statutes

This appeal turns on the interplay between Section 365(p) and Section 524(c). Accordingly, the Court begins with the plain language and operation of those statutes.

### 1. 11 U.S.C. § 365(p)

Section 365(p) specifically addresses the assumption of a personal property lease by a debtor. It provides as follows:

> (1) If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated.
>
> (2)
>
>     (A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
>
>     (B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.

> (C) The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.

A lease assumption under Section 365(p) proceeds in several steps:

> [T]he debtor offers to assume the lease obligation, and the lessor decides whether to accept the debtor's offer. . . . If the lessor determines that it is willing to allow the debtor to assume the lease, it will then notify the debtor of this decision, and may condition such assumption on cure of any outstanding defaults on terms set by the contract, however, the lessor is not under any obligation to accept the debtor's offer. Upon being notified of intent to assume an unexpired lease under 11 U.S.C. § 365(p)(2)(A), the lessor is granted safe harbor to contact the debtor with an acceptance and if necessary, negotiate a cure without violating the automatic stay or the discharge injunction. . . . If the parties come to an agreement, the third and final step required by the statute is that a writing between the lessor and the debtor be signed to memorialize the terms of the lease assumption.

*In re Perlman*, 468 B.R. 437, 439 (Bankr. S.D. Fla. 2012) (quotations and citations omitted). Importantly, Section 365(p)'s text does not require a bankruptcy court to review or approve a lease assumption agreement. *See In Re Ebbrecht*, 451 B.R. 241, 245 (Bankr. E.D.N.Y. 2011).

### 2. 11 U.S.C. § 524(c)

Section 524(c) provides a general framework under which a debtor may agree to remain personally liable for a debt obligation following entry of discharge. It provides:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable non-bankruptcy law, whether or not discharge of such debt is waived, only if –
>
> > (1) such agreement was made before the granting of the discharge . . .
> >
> > (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;
> >
> > (3) such agreement has been filed with the court . . .
> >
> > (4) the debtor has not rescinded such agreement . . . [and]
> >
> > (5) the provisions of subsection (d)[2] of this section have been complied with.

"Because reaffirmation agreements are contrary to the stated goal of a debtor receiving a fresh start," they may be "subject to intense judicial scrutiny and must comply with all statutory requirements." *Ebbrecht*, 451 B.R. at 243-44. As a federal bankruptcy treatise explains, the strict requirements of Section 524(c) impose

---

[2] 11 U.S.C. § 524(d) mandates that a debtor who is not represented by counsel and who wishes to enter into a reaffirmation agreement under Section 524(c) shall appear at a hearing before a bankruptcy court. At the hearing, the bankruptcy court must, among other things, inform the debtor that reaffirmation agreements are not required by the Bankruptcy Code, and must explain the legal consequences of entering into such an agreement.

important restrictions on [the use of reaffirmation agreements] and provide substantial protections to the debtor in an attempt to prevent some perceived abuses of reaffirmation. . . . [T]he reaffirmation agreement must be made before the granting of the discharge [of the petitioner's debt] . . . . [T]he reaffirmation agreement must contain the disclosures described in section 524(k). Within a cooling-off period (i.e., before discharge or 60 days after the agreement is filed with the court, whichever is later), the debtor by notice to the holder of the claim may rescind the reaffirmation agreement.

[T]he agreement must be filed with the court and, if the debtor was represented by an attorney during the course of negotiating the reaffirmation agreement, the agreement must be accompanied by the attorney's declaration or affidavit stating that the agreement represents a fully informed and voluntary agreement by the debtor and does not impose an undue hardship on the debtor or a dependent of the debtor, and that the attorney fully advised the debtor of the legal effect and consequences of reaffirmation. Assuming the appropriate attorney declaration or affidavit is filed with the agreement, the court is not required to conduct a hearing to approve the agreement, but the court may conduct such a hearing if it chooses or if the requirements of section 524(d) are not met. If the debtor was not represented by an attorney during the negotiation of the reaffirmation agreement, the court must approve the agreement and determine that it does not impose an undue hardship on the debtor or a dependent of the debtor and is in the best interest of the debtor.

2 *The Law of Debtors and Creditors* § 15:51 – Reaffirmation, Westlaw (database updated November 2015) (quotations and citations omitted); *see also Thompson v. Credit Union Fin. Grp.*, 453 B.R. 823, 828 (W.D. Mich. 2011).

## B.     The Interplay Between Section 365(p) and Section 524(c)

The question of whether a lease assumption agreement under Section 365(p) is enforceable following discharge even if the agreement has not been reaffirmed under Section 524(c) is a difficult one that has deeply divided federal courts. *Compare Perlman*, 468 B.R. at 441 (holding that a lease assumption agreement made pursuant to Section 365(p) is valid even though the underlying debt was not reaffirmed under Section 524(c)), *with Thompson*, 453 B.R. at 830 (holding that a lease assumption agreement made pursuant to Section 365(p) is enforceable only where the debt underlying the lease is also reaffirmed under Section 524(c)). This division stems in part from the fact that Section 365(p) "is not a model of clarity." *In re Garaux*, 2012 WL 5193779, at *2 (Bankr. N.D. Ohio, Oct. 19, 2012).

The courts that have required debtors entering into lease assumption agreements under Section 365(p) to additionally reaffirm the debt under Section 524(c) frequently cite the Bankruptcy Code's policy favoring debtor protection. These courts explain that bankruptcy is a mechanism for providing debtors with a "fresh start."  *See Thompson*, 453 B.R. at 828.  But by entering into lease assumption agreements under Section 365(p), debtors are compromising that fresh start by "releasing substantial and consequential rights, protections and benefits." *Garaux*, 2012 WL 5193779, at *4.  Requiring a debtor who has entered into a lease assumption agreement under Section 365(p) to also reaffirm the underlying

11

obligation under Section 524(c) ensures that debtors do not relinquish their "fresh start" without court oversight. As the court in *Thompson* explained:

> It would be inconsistent for a Chapter 7 debtor to be able to bypass judicial approval of an assumption while such approval is required in the contexts of other types of bankruptcies.
>
> [] [T]he Bankruptcy Code elsewhere explicitly requires judicial approval of a debtor's agreement to except an otherwise dischargeable debt from discharge. 11 U.S.C. § 524(c). Section 524(c) strictly limits the enforceability of an agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under the Code whether or not discharge of such debt is waived. Such an agreement is enforceable only if the agreement was made before the granting of discharge; the debtor received certain disclosures described in section 524(k); the agreement has been filed with the court; the debtor has not rescinded the agreement at any time before the later of the discharge or sixty days after the date the agreement is filed with the court; in the case of an individual debtor not represented in the course of entering an agreement, a court hearing in which the court approves the agreement as not imposing an undue hardship on either the debtor or a dependent of the debtor, and in the best interest of the debtor. Section 524(c) thus establishes not just one but a series of safeguards, a web of protections for debtors, in keeping with the policy of giving debtors a fresh start. . . .
>
> [T]he "fresh start" policy of the Code would be in jeopardy if Chapter 7 debtors could unwittingly bind themselves to section 365(p) lease assumptions that leave them not only without their leased car but also with all the liability they would have had absent the bankruptcy filing.

*Thompson*, 453 B.R. at 828, 829 (quotations and citations omitted).

These courts also assert that the plain language of Section 365(p) supports the conclusion that the debt underlying a lease assumption agreement must be further reaffirmed under Section 524(c): "Section 365(p)(2) uses the language of assumption, but the assumption is not self-executing . . . . Rather, [Section] 365(p) says that, after certain conditions are satisfied, the liability under the lease *will be assumed*, suggesting that more is needed for assumption of liability." *Id.* at 827-28 (emphasis added). That "something more," these courts conclude, is full compliance with the requirements of Section 524(c). *See id.*; *see also In re Creighton*, 427 B.R. 24, 28 (Bankr. D. Mass. 2007).

In contrast, other courts have offered three main reasons for concluding that a lease assumption agreement under Section 365(p) may be enforced following discharge even if the underlying debt is not reaffirmed under Section 524(c). First, these courts highlight that Section 365(p) says nothing about the reaffirmation process under Section 524(c). They reason that "had Congress intended for leases to be both assumed under Section 365(p) and reaffirmed under Section 524, it would have said so," but it "has not." *Ebbrecht*, 451 B.R. at 247; *see also In re Bailly*, 522 B.R. 711, 716-17 (Bankr. M.D. Fla. 2014).

Second, these courts also assert that requiring reaffirmation under Section 524(c) would render Section 365(p) superfluous:

> Why create § 365(p)(2) at all if Congress intended to require a separate reaffirmation agreements [sic] to assume a lease? Why

13

> not just require the debtor to reaffirm a lease after the Chapter 7 trustee does not timely assume it? 'A statute should be construed to give effect to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.' [*Corley v. United States*, 556 U.S. 303, 304 (2009)]. Distinguishing between lease assumption and reaffirming a debt allows debtors to do exactly what § 365(p)(2) allows – to decide whether or not to assume the lease, thus initiating the back-and-forth negotiating process. Requiring compliance with reaffirmation procedures renders Congress's choice to add § 365(p)(2) effectively meaningless – a debtor simply could submit a reaffirmation agreement and forego the § 365(p)(2) process entirely.

*Bailly*, 522 B.R. at 716.

Third (and finally), these courts highlight that requiring reaffirmation under Section 524(c) after a debtor has entered into a lease assumption agreement under Section 365(p) could produce anomalous results:

> [A]ssumption of a lease under Section 365(p) binds the debtor to the lease terms and the discharge has no effect on the debtor's assumed obligation. Under the logic of [requiring reaffirmation], a lessor would have no ability to enforce a lease agreement assumed by the debtor in the event of a subsequent default. This interpretation would render section 365(p) a nullity and would create an absurd result.

*In re Mortensen*, 444 B.R. 225, 230 (Bankr. E.D.N.Y. 2011). Indeed, "[i]f reaffirmation agreements must accompany lease assumptions, a lessor could face the unenviable position of being bound by a lease assumption – which does not require judicial approval – but having its reaffirmation denied by the court." *Bailly*, 522 B.R. at 716.

14

This Court agrees with those courts that have enforced lease assumption agreements under Section 365(p) even without reaffirmation under Section 524(c). Section 365(p) specifically addresses lease assumption agreements and does not expressly require that the underlying debt be reaffirmed under Section 524(c). Requiring such reaffirmation would be adding a step that Congress chose not to include; would strip Section 365(p) of its independent significance; and would create anomalous results. For all of these reasons, the Court concludes that a lease assumption agreement that complies with Section 365(p) is enforceable following discharge even if the debt that is the subject of the agreement was not reaffirmed under Section 524(c). Thus, in this appeal, the Agreement is valid even without reaffirmation under Section 524(c) *if* it complies with Section 365(p). The Court now turns to that question.

## C. The Agreement Complies with Section 365(p)

Appellants have asserted that the Agreement does not comply with Section 365(p) – and is therefore invalid – for two reasons. First, Appellants argue that they entered into the Agreement during a time when the Trustee had the exclusive authority to make decisions concerning a possible continuation of the Fusion lease. (*See* Appellants' Br., ECF #6 at 16, Pg. ID 218.) In support of this argument, Appellants cite 11 U.S.C. § 365(p)(1). That statute provides that "[i]f a lease of personal property is rejected or not timely assumed by the trustee [within 60 days

15

of the petition's filing], the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated." Appellants contend that under this statute, "the right to assume a lease belongs exclusively to the Chapter 7 Trustee for the first 60 days after the order for relief, unless the Trustee rejects the lease or the lease is deemed rejected." (*Id.*) Appellants insist that their assumption of the Fusion lease was invalid because the assumption occurred (1) during the Trustee's exclusive 60-day window to assume the lease, and (2) in the absence of a rejection of the lease by the Trustee.

At least one bankruptcy court in this District has accepted a similar argument – albeit in an order that does not contain analysis (which that court may have offered on the record, but which has not been provided to this Court). *See In re Robert Arthur Houvener*, No. 09-42209-TJT (Bankr. E.D. Mich. Mar. 18, 2009) (holding that a debtor's lease assumption agreement was "invalid and unenforceable[] because the Debtor and [the creditor] . . . entered into such agreement before the Chapter 7 trustee rejected the lease or the lease was deemed rejected under 11 U.S.C. § 365(d)(1).")

However, another bankruptcy court has rejected the argument that Section 365(p) grants the trustee the exclusive authority to assume or reject a lease for personal property within the first sixty days after a petition is filed:

> [Section] 365(p) doesn't specifically state when a debtor may pursue a lease assumption. Clearly, a trustee has the initial

16

> authority to assume or reject. *The trustee's authority, however, does not appear to limit a debtor's ability to simultaneously pursue assumption of a lease.* If the debtor is successful, § 365(p)(2)(B) makes it clear that the debtor, not the estate, is assuming the lease. If the debtor is not undertaking any obligation on behalf of the estate, the court finds no reason that a debtor must wait until after the trustee's sixty day period expires.
>
> If the debtor is required to wait until after the trustee's period expires, a redundancy is created in § 365(p)(2)(C). That provision states that no violation of the automatic stay occurs by a debtor's attempt to negotiate a lease assumption, yet [] § 365(p)(1) already makes clear that the stay terminates when the trustee rejects or does not timely assume the lease. If a debtor must wait until after the trustee's assumption period expires, there is no stay to violate.

*Garaux*, 2012 WL 5193779, at *2 (emphasis added). The Court agrees with the reasoning in *Garaux* and therefore rejects Appellants' argument that the Agreement violates Section 365(p) because Appellants entered into it during the first sixty days after they filed the Petition.

Second, Appellants argue that the Agreement did not comply with Section 365(p) because they did not timely inform Ford that the Fusion lease was assumed. In support of this argument, Appellants rely on 11 U.S.C. § 365(p)(2)(B). That statute provides that the debtor must notify the lessor in writing "that the lease is assumed" no later than 30 days after the lessor "notif[ies] the debtor that it is willing to have the lease assumed." *See* 11 U.S.C. §§ 365(p)(2)(A)-(B). Appellants proffer that they did not inform Ford that they (Appellants) had

17

assumed the lease until after the 30-day notice period had elapsed. Appellants contend that this delay renders the Agreement invalid. (*See* Appellants' Br., ECF #6 at 19, Pg. ID 221.)

The Court also rejects this argument. Under 11 U.S.C. § 365(p)(2)(B), it was Appellants' burden to notify Ford within 30 days of receiving the Proposed Lease Assumption Agreement whether they had assumed the Fusion lease. When Appellants executed the Agreement after the 30-day notice period, Ford – and not Appellants – had the right to reject the executed Agreement. But Ford accepted the Agreement without objection; Ford therefore chose to waive any right it may have had to reject the Agreement for Appellants' noncompliance with 11 U.S.C. § 365(p)(2)(B). Thus, Appellants cannot escape their obligations under the Agreement on the ground that they provided tardy notice of acceptance.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that the November 16, 2015, Bankruptcy Court Order (1) Denying Debtors' Motion to Determine Lease Assumption Agreement Invalid and Unenforceable; and (2) Determining the Lease Assumption Agreement Is Valid is **AFFIRMED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2016

18

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 11, 2016, by electronic means and/or ordinary mail.

                                          s/Holly A. Monda
                                          Case Manager
                                          (313) 234-5113